UNITED STATES DISTRICT COURT

For the Northern District of California

UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | | |
|---|---|---|
| JERRY L. LINDSEY, | | No. C 12-02639 LB |
| | Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | | |
| CLAREMONT MIDDLE SCHOOL (OAKLAND UNIFIED SCHOOL DISTRICT), | | [Re: ECF No. 11] |
| | Defendants. | |
| _____/ | | |

**I. INTRODUCTION**

*Pro se* plaintiff Jerry L. Lindsey filed this employment discrimination action against "Claremont Middle School (Oakland Unified School District)." Complaint, ECF No. 1 at 1.[1] Despite the lack of clarity about whether Lindsey sued Claremont Middle School ("Claremont") or the Oakland Unified School District ("OUSD") or both of them (collectively, "Defendants"), both Claremont and OUSD appeared and move to dismiss the complaint. Motion, ECF No. 11. Upon consideration of the record and the applicable authority, the court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Lindsey's complaint.[2]

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the December 6, 2012 hearing.

C 12-02639 LB
ORDER

## II. STATEMENT

Lindsey filed a form complaint for employment discrimination, so the facts alleged are relatively few. *See generally* Complaint, ECF No. 1. It appears that Lindsey is or was an employee of Defendants at some point in time. *See id.* at 1-2. Lindsey alleges that the following occurred:

> I was refused the right to take my diabetic medicine [and] refused [the right] to eat my lunch [at] my designated time. I was refused the right to have [a] key to the mens' rooms. I was told that I was to[o] old [and] slow to work [at] Claremont as outreach consultant by Principal Kenya Crockett.

*Id.* at 2. Lindsey thus sued Defendants for religious and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. *Id.* Lindsey alleges that the discrimination took place on October 18 of an unspecified year. *Id.* Lindsey also alleges that charges were filed with the Equal Employment Opportunity Commission ("EEOC") in November 2010 and that the EEOC issued a right to sue notice on March 2, 2012. *Id.* at 2-3, Ex. A.

Defendants filed a motion to dismiss Lindsey's complaint on October 11, 2012. Motion, ECF No. 11. Lindsey filed an opposition on October 29, 2012, and Defendants filed a reply on October 31, 2012. Opposition, ECF No. 18; Reply, ECF No. 19.

## III. ANALYSIS

### A. Legal Standard

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

**B. Lindsey's Title VII Religious and Sex Discrimination Claims**

Lindsey checked the boxes on the form complaint indicating claims for religious discrimination and sex discrimination. Complaint, ECF No. 1 at 2. To state a claim for discrimination under Title VII, a plaintiff must establish that (1) he or she was a member of a protected class, (2) he or she was performing his or her job in a satisfactory manner, (3) he or she was subjected to an adverse employment action, and (4) employees not in the protected class were not treated similarly. *See Godwin v. Hunt Wesson, Inc.*, 150 F.3d 1217, 1220 (9th Cir. 1998). And to establish religious discrimination on the basis of a failure to accommodate, a plaintiff must establish a prima facie case by proving that (1) he or she had a bona fide religious belief, the practice of which conflicted with an employment duty; (2) he informed his employer of the belief and conflict; and (3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements. *See Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir.

1993).[3]

Here, obviously, Lindsey alleges no facts at all in support of a religious discrimination claim. The court does not know, for instance, what religion Lindsey practices, or how any of Defendants' conduct affects that practice. This claim is plainly insufficient as it currently is pled.

The same is true of Lindsey's sex discrimination claim. Lindsey does not allege what sex he or she is, or how Lindsey's sex is the basis for any of the discrimination alleged.[4] This claim, too, is plainly insufficient as it currently is pled.

Because it is not clear that Lindsey could not allege additional facts to support religious or sex discrimination claims, the claims are dismissed with leave to amend.

## C. **Lindsey's ADA Disability Discrimination and Retaliation Claims**

Lindsey's complaint also alleges claims for disability discrimination retaliation under the ADA. Complaint, ECF No. 1 at 2. As for the discrimination claim, the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. 42 U.S.C. § 12112(a). Thus, to state a claim for disability discrimination, a plaintiff must show that (1) he or she is disabled under the ADA, (2) he or she is "otherwise qualified" for the position with or without a reasonable accommodation, and (3) he or she suffered an adverse employment action because of his or her disability or was denied a reasonable accommodation. *See Zukle v. Regents of Univ. of Calif.*, 166 F.3d 1041, 1045 (9th Cir. 1999). Moreover, the ADA definition of discrimination includes "not

---

[3] While a plaintiff's employment discrimination complaint need not contain specific facts fully establishing a *prima facie* case at this stage of the proceedings, it must still contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkievicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Thus, even though Lindsey does not need to establish *prima facie* cases for his or her claims at this point, the court will look to the required elements to determine whether the facts that are alleged state plausible claims for relief. *See Twombly*, 550 U.S. at 570.

[4] The court notes that Lindsey alleges that he or she was refused the right to have the key to the mens' room. *See* Complaint, ECF No. 1 at 2. While this could suggest that Lindsey is male, the court is unwilling to rely on this allegation alone to conclude that Lindsey is male.

C 12-02639 LB
ORDER

4

making reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability who is an . . . employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A); *see McAlindin v. County of San Diego*, 192 F.3d 1226, 1236 (9th Cir. 1999).

The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1); *see also* 29 C.F.R. § 1630.2(g). The Supreme Court has held that "substantially limits" means that "an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives" and which also is "permanent or long term." *Toyota Motor Mfg. Co., Kentucky, Inc. v. Williams*, 534 U.S. 194, 199 (2002). The term, however, is to be "construed broadly in favor of expansive coverage, to the maximum extent permitted by the terms of the ADA" and "is not meant to be a demanding standard." 29 C.F.R. § 1630.2(j)(1)(i).

As for the retaliation claim, the ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Thus, to state a claim for retaliation, a plaintiff must show that he or she acted to protect his or her rights, that an adverse employment action thereafter was taken against him or her, and that a causal link exists between the two events. *See Pardi v. Kaiser Foundation Hospitals*, 389 F.3d 840, 849 (9th Cir. 2004) (citing *Brown v. City of Tucson*, 336 F.3d 1181, 1186-87 (9th Cir. 2003).

Here, Lindsey does not sufficiently allege either claim. The complaint vaguely refers to a medical condition (diabetes) but Lindsey does not allege any facts about it to make a sufficient showing of disability. *See* Complaint, ECF No. 1 at 2. In addition, it is unclear how Defendants conduct relates to it or when the conduct even occurred. How, for instance, did Defendants allegedly prevent Lindsey from taking his or her medication? And how does Defendants' alleged restriction of lunchtime affect it? Did Lindsey attempt to oppose these acts and then face further

1 discrimination? And how does the mens' restroom fit into all of this? In short, the facts Lindsey
2 alleges simply do not shed enough light on what happened and do not "raise a right to relief above
3 the speculative level." *See Twombly*, 550 U.S. at 555. Accordingly, Lindsey's disability
4 discrimination and retaliation claims must be dismissed.

5 Because it is not clear that Lindsey could not allege additional facts to support disability
6 discrimination or retaliation claims, the claims are dismissed with leave to amend.

### C. A Note regarding the First Amended Complaint and the Named Defendant

Lindsey's claims have been dismissed with leave to amend. If Lindsey chooses to file a First Amended Complaint, Lindsey should know that he or she is not confined to the form complaint itself. If the space available on the form complaint for factual allegations is too short, Lindsey may attach additional pages. Further, as Defendants correctly noted in their motion, Claremont is not an entity subject to suit. *See* Motion, ECF No. 11 at 5-6 (citing Cal. Gov't Code § 811.2 (defining "public entity"); *Jane Doe v. Petaluma City School Dist.*, 830 F. Supp. 1560, 1583 (N.D. Cal. 1993)). Rather, OUSD is the entity that should be named as a defendant to any First Amended Complaint.

### IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** all of Lindsey's claims. Lindsey shall file any First Amended Complaint within 21 days from the date of this order.

**IT IS SO ORDERED.**

Dated: November 28, 2012

_____
LAUREL BEELER
United States Magistrate Judge