UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JERRY L. LINDSEY,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>CLAREMONT MIDDLE SCHOOL (OAKLAND UNIFIED SCHOOL DISTRICT),<br><br>　　　　　　　Defendants.<br>_____/ | No. C 12-02639 LB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>[Re: ECF No. 23] |

**INTRODUCTION**

*Pro se* plaintiff Jerry L. Lindsey filed this employment discrimination action against "Claremont Middle School (Oakland Unified School District)." Complaint, ECF No. 1 at 1.[1] Despite the lack of clarity about whether Lindsey sued Claremont Middle School ("Claremont") or the Oakland Unified School District ("OUSD") or both of them (collectively, "Defendants"), both Claremont and OUSD have appeared and now move to dismiss Mr. Lindsey First Amended Complaint. Motion to Dismiss FAC, ECF No. 23; *see* FAC, ECF No. 22. Upon consideration of the record and the applicable authority, the court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE**

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-02639 LB
ORDER

Lindsey's First Amended Complaint.[2]

**STATEMENT**

On May 22, 2012, Mr. Lindsey filed a form complaint for employment discrimination, and the facts alleged were relatively few. *See generally* Original Complaint, ECF No. 1. It appeared from his Original Complaint that Mr. Lindsey is or was an employee of Defendants at some point in time. *See id.* at 1-2. He alleged that the following occurred:

> I was refused the right to take my diabetic medicine [and] refused [the right] to eat my lunch [at] my designated time. I was refused the right to have [a] key to the mens' rooms. I was told that I was to[o] old [and] slow to work [at] Claremont as outreach consultant by Principal Kenya Crockett.

*Id.* at 2. Mr. Lindsey thus sued Defendants for religious and sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and for disability discrimination and retaliation under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. *Id.* He alleged that the discrimination took place on October 18 of an unspecified year. *Id.* He also alleged that charges were filed with the Equal Employment Opportunity Commission ("EEOC") in November 2010 and that the EEOC issued a right to sue notice on March 2, 2012. *Id.* at 2-3, Ex. A.

Defendants filed a motion to dismiss Mr. Lindsey's Original Complaint on October 11, 2012. Motion to Dismiss Original Complaint, ECF No. 11. Mr. Lindsey filed an opposition on October 29, 2012, and Defendants filed a reply on October 31, 2012. Opposition to Motion to Dismiss Original Complaint, ECF No. 18; Reply ISO Motion to Dismiss Original Complaint, ECF No. 19.

On November 29, 2012, the court granted Defendants' motion and gave Mr. Lindsey leave to file a First Amended Complaint. 11/29/2012 Order, ECF No. 20. Mr. Lindsey did so on December 21, 2012. FAC, ECF No. 22. His First Amended Complaint once again contains almost no factual allegations. *See generally id.* Instead, it is a compilation of several documents. *See generally id.* At Page 1 is a letter to the court that informs the court that Mr. Lindsey alleges employment

---

[2] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the February 21, 2013 hearing.

C 12-02639 LB
ORDER

2

discrimination and asks the court for additional time to submit his evidence. *Id*. at 1. At Page 2 is a Charge of Discrimination that is signed by Mr. Lindsey and dated June 1, 2010. *Id*. at 2. At Pages 3 through 12 are letters from several non-parties in support of Mr. Lindsey. *Id*. at 3-12. At Pages 13 through 15 is the Oakland Unified School District AB825 Outreach Consultant Professional Development Plan SY0910. *Id*. at 13-15. At Page 16 is a letter from Kenya Crockett, Principal of Claremont Middle School, to Mr. Lindsey that is dated February 24, 2010. *Id*. at 16. At Page 17 is an unidentified document. *Id*. at 17. At Page 18 is a certificate of service for the First Amendment Complaint. *Id*. at 18. And at Page 19 is a photocopy of envelope within which Mr. Lindsey presumably mailed his First Amended Complaint to the court. *Id*. at 19.

On January 4, 2013, Defendants filed a motion to dismiss Mr. Lindsey's First Amended Complaint. Motion to Dismiss FAC, ECF No. 23. So far, Mr. Lindsey has not filed an opposition to it, and the time for doing so has passed. *See* N.D. Cal. Civ. L.R. 7-3.

## ANALYSIS

### I. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551

1  U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

2  If the court dismisses the complaint, it should grant leave to amend even if no request to amend
3  is made "unless it determines that the pleading could not possibly be cured by the allegation of other
4  facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc.*
5  *v. Northern Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party
6  repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See*
7  *Ferdik v.Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where
8  district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim
9  with leave to amend).

## II. THE COURT'S PREVIOUS ORDER DISMISSING MR. LINDSEY'S ORIGINAL COMPLAINT

12  As mentioned above, the court dismissed Mr. Lindsey's Original Complaint. 11/29/2012 Order,
13  ECF No. 20. In it, the court set forth the elements of the claims Mr. Lindsey brings (religious and
14  sex discrimination under Title VII, and disability discrimination and retaliation under the ADA) and
15  explained that Mr. Lindsey's factual allegations were insufficient to raise a plausible claim for relief.
16  *Id*. at 3-6; *see Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 570. The court also stated that if Mr.
17  Lindsey chose to file a First Amended Complaint, he should know that he or she is not confined to
18  the form complaint itself. *Id*. at 6. The court explained that if the space available on the form
19  complaint for factual allegations is too short, he may attach additional pages. *Id*. The court further
20  explained that, as Defendants correctly noted in their motion, Claremont is not an entity subject to
21  suit. *Id*. (citing Motion to Dismiss Original Complaint, ECF No. 11 at 5-6 (citing Cal. Gov't Code §
22  811.2 (defining "public entity"); *Jane Doe v. Petaluma City School Dist.*, 830 F. Supp. 1560, 1583
23  (N.D. Cal. 1993))). Rather, OUSD is the entity that should be named as a defendant to any First
24  Amended Complaint. *Id*.

## III. MR. LINDSEY'S FIRST AMENDED COMPLAINT MUST BE DISMISSED

26  Mr. Lindsey's First Amended Complaint, to the extent it even is one, clearly does not suffice.
27  *See Jackson v. Napolitano*, CV-09-1822-PHX-LOA, 2010 WL 94110 at *2 (D. Ariz. Jan. 5, 2010)
28  ("Although *pro se* pleadings are liberally construed . . . a *pro se* plaintiff must still satisfy the

pleading requirements of Federal Rule of Civil Procedure 8(a).") (granting defendant's motion to dismiss *pro se* complaint for failure to state claim for disability discrimination) (internal citations omitted). It contains even fewer factual allegations than did his Original Complaint, and it does not attempt to address the deficiencies that the court pointed out in its 11/29/2012 Order. *See generally* FAC, ECF No. 22. Indeed, upon review of the compilation of documents submitted by Mr. Lindsey as his First Amended Complaint, the court believes that it is possible that Mr. Lindsey misunderstood his task. So, no later than February 28, 2013, Mr. Lindsey may file a Second Amended Complaint. In it—keeping in mind the legal standards and points set forth by the court in its 11/29/2012 Order—he may attempt to allege facts to support his claims religious and sex discrimination under Title VII and disability discrimination and retaliation under ADA. Should he fail to sufficiently allege these claims, he risks the possibility that his claims will be dismissed with prejudice.

The court also finds it appropriate to direct Mr. Lindsey to the court's Handbook for Litigants with a Lawyer (which is attached to this order). The Handbook contains a plethora of helpful information, including (at pages 11 through 14) information relating to filing a complaint, that may assist Mr. Lindsey. The court also directs Mr. Lindsey to the court's website, which contains a page dedicated to providing information for pro se litigations. *See* Representing Yourself, United States District Court for the Northern District of California, http://cand.uscourts.gov/proselitigants (last accessed January 29, 2013). The court attaches a copy of its 11/29/2012 Order to this order as well.

## CONCLUSION

Based on the foregoing, the court **GRANTS** Defendants' motion and **DISMISSES WITHOUT PREJUDICE** Mr. Lindsey's First Amended Complaint. Mr. Lindsey shall file any Second Amended Complaint no later than February 28, 2013.

**IT IS SO ORDERED.**

Dated: January 29, 2013

_____
LAUREL BEELER
United States Magistrate Judge

C 12-02639 LB
ORDER

5