UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JERRY L. LINDSEY, | No. C 12-02639 LB |
| Plaintiff, | **ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S ACTION** |
| v. | |
| CLAREMONT MIDDLE SCHOOL (OAKLAND UNIFIED SCHOOL DISTRICT), | |
| Defendants. | |

*Pro se* plaintiff Jerry L. Lindsey filed this employment discrimination action against "Claremont Middle School (Oakland Unified School District)." Complaint, ECF No. 1 at 1.[1] Despite the lack of clarity about whether Lindsey sued Claremont Middle School ("Claremont") or the Oakland Unified School District ("OUSD") or both of them (collectively, "Defendants"), the Defendants moved to dismiss Mr. Lindsey's complaint on October 11, 2012. Motion to Dismiss, ECF No. 11. The court granted Defendants motion to dismiss the complaint without prejudice, and ordered Mr. Lindsey to file a First Amended Complaint. Order, ECF No. 20. Mr. Lindsey filed a First Amended Complaint on December 21, 2012, and on January 4, 2013, Defendants moved to dismiss the First Amended Complaint. FAC, ECF No. 22; Motion to Dismiss FAC, ECF No. 23. On January 29, 2013, the court granted Defendants's motion to dismiss Mr. Lindsey's First Amended Complaint, and

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 12-02639 LB
ORDER

1  dismissed Mr. Lindsey's complaint without prejudice, giving him until February 28, 2013, to file a
2  Second Amended Complaint. Order, ECF No. 24. To date, Mr. Lindsey has filed no Second
3  Amended Complaint, and the court has received no further indication that Mr. Lindsey intends to
4  prosecute this action. *See generally* Docket.

5      A court may dismiss an action based on a party's failure to prosecute an action. *Ferdik v.
6  Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss a claim for
7  failure to prosecute or failure to comply with a court order, the court weighs the following factors:
8  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
9  docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic
10 alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v.
11 Galaza,* 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260-61); *Ghazali v. Moran,*
12 46 F.3d 52, 53 (9th Cir. 1995). These factors are a guide and "are 'not a series of conditions
13 precedent before the judge can do anything.'" *In re Phenylpropanolamine (PPA) Products Liability
14 Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.,* 158
15 F.3d 1051, 1057 (9th Cir. 1998)). Dismissal is appropriate "where at least four factors support
16 dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El
17 Monte,* 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Ferdik*, 963 F.2d at 1263).

18     Here, four factors support dismissal. Mr. Lindsey has not filed a Second Amended Complaint,
19 even though it is well past the court's deadline for doing so. This certainly is not "expeditious
20 litigation," and the court must keep the cases on its docket moving. There also is no risk of
21 prejudice to the Defendants. Finally, the court already tried to move this case along by issuing an
22 two orders that clearly explained to Mr. Lindsey the deficiencies in his complaint, and gave him
23 leave to file a Second Amended Complaint.

24     In sum, the court concludes that four of the five relevant factors weigh in favor of dismissal.
25 Accordingly, the court **DISMISSES WITHOUT PREJUDICE** Mr. Lindsey's action for failure to
26 prosecute. The Clerk of the Court shall close the file.

27     **IT IS SO ORDERED.**

28

Dated: April 1, 2013

_____
LAUREL BEELER
United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California